**NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Plaintiffs,**

v.

**William T. COLEMAN, Jr., et al., Defendants.**

**Civ. A. No. 75–0859.**

United States District Court, District of Columbia.

Dec. 17, 1975.

---

450

Eldon V. C. Greenberg, Richard A. Frank, Center for Law and Social Policy, Washington, D. C., for plaintiffs.

Allen Van Emmerik, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

On May 27, 1975, Natural Resources Defense Council, Inc., and other environmental groups filed this action against the Secretary of Transportation and the Coast Guard. They alleged that, under 46 U.S.C. § 391a(7) (Supp.1973), the defendants had a legal duty to write and have effective by June 30, 1974, a whole range of regulations governing the design, construction, alteration, and repair of United States-flag vessels engaged in the coastwise trade. These regulations were to protect the marine environment from either accidental or operational pollution by these vessels. At the time the plaintiffs filed their complaint, the defendants had made no regulations effective.

On October 14, 1975, the defendants promulgated numerous regulations on this subject; therefore, they contended, the issue before this Court was moot. The plaintiffs have disputed this as to only one of the regulations—new 33 C.F.R. § 157.09(d). That regulation governs the allocation of segregated ballast space in United States-flag vessels engaged in coastwise trade, and provides:

the distribution of the segregated ballast spaces within the cargo tank area must be acceptable to the Coast Guard. [40 Fed.Reg. 48283 (October 14, 1975)]

The defendants realize this regulation is something less than perfect, and they have begun proceedings to supplement it. But that is likely to take some time.

The plaintiffs contend that Congress intended the defendants (1) to be under a legal duty to produce a regulation that was somewhat more specific than the one they did enact, and (2) to be under a continuing legal duty to revise this regulation, and that the defendants have failed or will fail to do either of these things. They seek an order putting the Secretary of Transportation and the Coast Guard on a strict timetable to which the defendants would have to conform under threat of contempt. This Court holds that the regulation the defendants have promulgated adequately fulfills their duty thus far, and that, assuming a continuing legal duty to revise exists, it would not be in the public interest to set up the time schedule that the plaintiffs desire.

Section 391a(7)(A) of 46 U.S.C. provides that the rules and regulations intended to be effective by now:

shall, to the extent possible, include but not be limited to standards to . . . reduce cargo loss following collision, grounding, or other accident, and to reduce damage to the marine environment by normal vessel operations such as ballasting and deballasting, cargo handling, and other activities.

Although it is by no means clear, the Court will assume that this provision subjected the defendants to a legal duty to write the best possible regulation on the subject of the allocation of segregated ballast space. The plaintiffs have conceded, however, that the question of how to regulate in this area has been heatedly debated from the beginning. Some have argued that a regulation requiring "double bottoms" on vessels is preferable to one requiring a certain allocation of segregated ballast space; others apparently have argued that neither is worth the additional cost. Viewing the seriousness of the issue, and the diversity of views in the light of the deference this Court must give to the judgment and expertise of the agency, this Court concludes that it was not possible for

the defendants to enact a more satisfactory regulation on the subject than they did.

The plaintiffs further contend that if the defendants do not now have enough information to enact a better regulation, they will soon. Given that the defendants were over fifteen months late in enacting any regulation at all, they argue, this Court should set a timetable to insure that the defendants move with the speed that the statute contemplates. The Court has some misgivings about whether Congress envisioned the possibility of this kind of judicial oversight of those charged with formulating the regulation. But assuming that it did, this Court nevertheless finds that it is not in the public interest to set up such a timetable in this case. To the extent that such a schedule would rush the agency, the quality of the regulation would likely suffer. The Court would then be faced with the task of determining how much the quality would suffer by a certain time constraint and how important that loss might be. These are matters generally best left to the agency to decide in the first instance. Nevertheless, this Court would have some doubt if it thought that the agency did not appreciate the importance Congress placed on speed on this subject. But the agency, if it did not before, clearly now understands this.

Accordingly, it is by the Court this 17th day of December, 1975,

ORDERED, insofar as the plaintiffs request an injunction ordering the defendants to abide by a certain time schedule in revising their regulation on the allocation of segregated ballast space in United States-flag vessels engaged in the coastwise trade, that the request be, and the same hereby is, denied; and it is

FURTHER ORDERED, as to all other contentions, that the plaintiffs' complaint be, and the same hereby is, dismissed as moot.